**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 02, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 02, 2007**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-21697 |
| MICHAEL THOMAS MCDONNELL, | ) | |
|     Debtor. | ) | Chapter 7 |
| | ) | |
| TRACY GLOVER, | ) | Adversary Proceeding No. 05-1579 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| MICHAEL THOMAS MCDONNELL, | ) | |
|     Defendant. | ) | |

### MEMORANDUM OF OPINION[1]

Before the Court is plaintiff's motion for summary judgment (Docket #16).

The plaintiff argues that a judgment obtained in a Texas state court precludes

relitigation of the issues underlying the plaintiff's nondischargibility complaint.

For the reason that follow, the plaintiff's motion is denied.

---

[1] This opinion is not intended for official publication.

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial."

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see*, *e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## FACTS AND PROCEDURAL BACKGROUND

The following facts are not in dispute. In August 2000, the plaintiff, Tracy Glover, brought suit against the defendant in a Texas state court, alleging conversion of stock. The defendant, Michael McDonnell, a resident of Ohio, filed a "special appearance" under Texas law in which he objected to the state court's exercise of personal jurisdiction over him. The state court held a hearing on McDonnell's objection to personal jurisdiction and received supplemental briefs by the parties. On the basis of the briefs and the evidence presented at the hearing, the state court determined that it could exercise personal jurisdiction over McDonnell.

McDonnell was represented by counsel when he entered his special appearance and during the hearing on the objection to jurisdiction. After the state

3

court determined it could exercise personal jurisdiction over McDonnell, his counsel withdrew from representation and McDonnell ceased defending the action.

The state court held a trial on Glover's complaint on April 16, 2002. McDonnell failed to appear. The state court received exhibits, heard testimony, and entered judgment in favor of Glover and awarded damages in the amount of $375,000 plus interest. McDonnell did not appeal the state court judgment.

McDonnell filed his Chapter 7 petition on August 5, 2005. On October 28, 2005, Glover brought the present adversary proceeding. She alleges that the Texas judgment is a nondischargeable debt under 11 U.S.C. § 523(a), paragraphs (4), (6), and (19).[2] On June 15, 2006, Glover moved for summary judgment, and McDonnell responded. Glover seeks summary judgment on the basis of issue preclusion or, in the alternative, on the basis of admissions and affidavits filed in support of her motion. Because the Court could not determine from the materials in the record whether the Texas judgment was entitled to preclusive effect, the Court ordered Glover to supplement the record with more information detailing the state court proceedings. On December 4, 2006, Glover filed supplemental material

---

[2]This bankruptcy case was filed prior to October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (BAPCPA). Therefore, all references to the Bankruptcy Code are to the Bankruptcy Code as it existed prior to the effective date of BAPCPA.

4

regarding the state court proceedings. The Court is now ready to rule.

## DISCUSSION

Glover argues that the state court judgment is a debt for "willful or malicious injury by the debtor" to the plaintiff and as such is nondischargeble under 11 U.S.C. § 523(a)(6). Since the elements of conversion were litigated and decided in the state court, they may not be relitigated in bankruptcy court. Thus, Glover argues, the state court judgment establishes all the elements necessary to find the judgment nondischargeable. In the alternative, Glover argues that she is entitled to summary judgment based upon McDonnell's admissions and Glover's own affidavit.

### *Issue Preclusion*

Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *See In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). It is well established that issue preclusion principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues that were already decided in a state court. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to

5

§ 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress intended the bankruptcy court to determine the final result – dischargeability or not – does not require the bankruptcy court to redetermine all the underlying facts.' ").

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See* 470 U.S. at 374. Accordingly, in this case the Court will apply Texas's law on issue preclusion to the Texas court's judgment against the defendant. *See*, *e.g.*, *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment).

Under Texas law,

> [a] party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.

*John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002) (citing *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 801

6

(Tex. 1994). McDonnell argues that the facts were not "fully and fairly litigated" in the state court action; he characterizes the Texas judgment as a default judgment and the trial as a default hearing.

A default judgment is generally not entitled to preclusive effect under Texas law. *See Matter of Garner*, 56 F.3d 677, 680 (5th Cir. 1995) (citing *Restatement (Second) of Judgments* § 27 cmt. e (1982)). The Texas Supreme Court, however, has distinguished between a default judgment where the defendant failed to file an answer and a default judgment where the defendant files an answer but fails to appear at trial. The latter is referred to as a "post-answer default judgment." *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *see also Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 820 (Tex. App. 1999). When the defendant files an answer but does not appear for trial, "judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial." *Stoner*, 578 S.W.2d at 682.

The Fifth Circuit has twice dealt with post-answer default judgments in bankruptcy dischargeability proceedings. In *Garner*, the court affirmed a grant of summary judgment based upon the preclusive effect of a post-answer default judgment obtained in a Texas state court. The state court had held a trial, which the defendant-debtor failed to attend. The state court entered judgment for the

7

plaintiff-creditor and made specific findings of fact " '[b]ased on the testimony presented.' " 56 F.3d at 678. The Fifth Circuit held that under Texas law, the issues "were fully and fairly litigated for collateral estoppel purposes." 56 F.3d at 680.

In *Matter of Pancake*, 106 F.3d 1242 (5th Cir. 1997), the defendant-debtor's answer had been struck for discovery abuse, and judgment was entered in favor of the plaintiff-creditor. Under Texas law, once the answer had been stricken, the defendant was placed in the same position as if he had not filed an answer. The state court was not required to put the plaintiff to its proof, but could enter judgment on the basis of the defendant's default. The only indication that the state court held a hearing was language in the judgment that the state court heard "the evidence and arguments of counsel." The Fifth Circuit held that this statement, by itself, did not establish that the issues were fully and fairly litigated, and thus the state court judgment did not have preclusive effect. 106 F.3d at 1244.

In the present adversary proceeding, there is very little evidence in the record regarding the substance of the trial. According to McDonnell's counsel, the original transcript of the state court trial has been destroyed. The judgment contains no explicit findings of fact, only a general reference to testimony, exhibits, and argument of counsel, similar to the judgment in *Pancake*. But two

8

facts distinguish the present adversary proceeding from *Pancake*. First, McDonnell's answer was never stricken, so Texas law required Glover to offer evidence to prove her case at trial. The state court could not have simply entered judgment on the basis of McDonnell's failure to appear. Indeed, the judge's docket indicates that Glover and her counsel appeared, judgment was entered in her favor, and the judgment was based on conversion. Second, the plaintiff's affidavit establishes that the state court did have a hearing at which testimony and exhibits were presented. These two facts plus the state court judgment's reference to hearing testimony and receiving exhibits, are sufficient to entitle the state court judgment to preclusive effect under Texas law.

*Conversion*

The preclusive effect of the state court judgment only establish the elements of conversion under Texas law. Whether a judgment for conversion under Texas law satisfies one or more of the dischargeability exceptions is a separate question and one of federal law. 11 U.S.C. § 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or property of another entity." An act is a willful and malicious injury if "the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it." *In re Markowitz*, 190 F.3d 455, 465 (6th

9

Cir. 1999) (quoting *Restatement (Second) of Torts* § 8A, cmt. a (1964); *see also Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) ("[T]he [§ 523](a)(6) formulation triggers in the lawyer's mind the category 'intentional torts' . . . .").

Under Texas law, conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights. *See Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971); *see also Bandy v. First State Bank,* 835 S.W.2d 609, 622 (Tex. 1992). Conversion does not necessarily involve an intentional injury. *See Texas v. Walker*, 142 F.3d 813, 823-24 (5th Cir. 1998) (citing *Geiger*); *see also In re DeVoll*, 266 B.R. 81, 95 (Bankr. N.D. Tex. 2001) ("Intent to convert is not an essential element; the defendant need only do an act amounting to a conversion."). Depending on the circumstances, conversion may be willful and malicious or innocent and technical. *Walker*, 142 F.3d at 824 (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 331 (1934)).

The Court cannot determine from the record whether the state court determined that McDonnell's conversion of the stock was "willful and malicious" or merely "innocent and technical." The state court's award of exemplary damages suggests that it may have found the conversion willful and malicious, but it is only a suggestion. Texas law permits the award of exemplary damages where the

10

defendant acted with reckless disregard for the plaintiff's rights. Without a demonstration that a state court actually found the defendant's actions willful and malicious rather than merely reckless, a judgment for conversion does not necessarily satisfy the requirements of 11 U.S.C. § 523(a)(6). *In re DeVoll*, 266 B.R. at 97-98. Here, nothing in the record excludes the possibility that the state court found McDonnell's actions to be merely reckless but not willful and malicious. Accordingly, the state court judgment does not establish that McDonnell's conversion was willful and malicious for purposes of 11 U.S.C § 523(a)(6).

Turning to the pleadings, admissions, and affidavits, McDonnell claims that Lee Armanini controlled all of the stock in question. While the Court must accept the Texas court's determination that McDonnell did in fact wrongfully exercise dominion over Glover's property, if McDonnell believed that Glover was not the owner of the stock, then his actions were not willful and malicious. Thus, a genuine issue of material fact exists regarding whether McDonnell's actions were "willful and malicious." Therefore, the Court cannot grant Glover's motion for summary judgment on the basis of conversion.

*Glover's Other Theories of Nondischargeability*

In her motion for summary judgment, Glover also argues that state court

11

judgment is nondischargeable under paragraphs (4) and (19) of subsection 523(a). Because Glover has not demonstrated the absence of a genuine issue of material fact under these theories, the Court must deny her motion for summary judgment.

The discharge exception contained in 11 U.S.C. § 523(a)(4) renders a claim nondischargeable in three situations: fraudulent malfeasance by a fiduciary, embezzlement, and larceny. *See* 4 COLLIER ON BANKRUPTCY ¶ 523.10[1][c] (15th ed. rev. 2005) (noting that the phrase "while acting in a fiduciary capacity" clearly qualifies the words "fraud or defalcation" and not "embezzlement" or "larceny"). Glover argues that McDonnell's conduct "amounted to larceny." Larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 166 (Bankr. N.D. Ohio 2003). Glover has presented no evidence of fraud or intent on the part of McDonnell, so summary judgment cannot be granted on the basis of larceny.

11 U.S.C. § 523(a)(19) excepts from discharge any debt that–

> (A) is for–
>> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

12

>(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>(B) results from–
>>(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>>(ii) any settlement agreement entered into by the debtor; or
>>(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

Again, genuine issues of material fact exist regarding whether McDonnell acted with fraudulent or deceitful intent. Accordingly, the Court cannot grant summary judgment on the basis of paragraph (19) of subsection 523(a).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is denied. The Texas state court's judgment against the defendant is entitled to issue preclusive effect, and thus the judgment establishes the elements of conversion under Texas law. The judgment does not establish that the defendant-debtor's tortious conduct was "willful and malicious" for purposes of 11 U.S.C. § 523(a)(6). Genuine issues of material fact exist regarding this and the other asserted grounds for finding the judgment nondischargeable.

IT IS SO ORDERED.